[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13170
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cr-00046-WCO-SSC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL RAMIREZ-GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 21, 2013)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Manuel Ramirez-Garcia appeals a $500 fine imposed after he pled guilty to illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2).[1] On appeal, he argues that: (1) the district clearly erred in determining that he had the ability to pay a fine; and (2) the district erred by not considering the factors listed in U.S.S.G. § 5E1.2 or 18 U.S.C. § 3572 that govern the imposition of a fine. After careful review of the parties' briefs and the record, we affirm.

## I.

First, Ramirez-Garcia argues that the record demonstrates that he lacks the current and future ability to pay the fine.  He argues that he has to support his long-term girlfriend and their two children and, in light of these family responsibilities, there is no basis to conclude that he will be able to pay the fine.  He argues that he will not have any income until he is deported because he cannot work to earn money in prison and that his economic prospects upon return to Mexico are dire.

We review a district court's decision to impose a fine for clear error.  *United States v. Long*, 122 F.3d 1360, 1366 (11th Cir. 1997).  The Sentencing Guidelines require the district court to impose a fine unless the defendant establishes that he is unable to pay a fine and is unlikely to become able to pay.  U.S.S.G. § 5E1.2(a).  Thus, the burden is on the defendant to prove his inability to pay.  *United States v. Hernandez*, 160 F.3d 661, 665 (11th Cir. 1998).  If a defendant establishes that he

---

[1] The district court also ordered that Ramirez-Garcia pay a special assessment of $100.

is unable to pay or that the fine would burden his dependents, the court may waive

or impose a lesser fine.  U.S.S.G. § 5E1.2(e).

Here, the district court did not clearly err by imposing a fine because sufficient

evidence exists that Ramirez-Garcia possesses skills with which to make a living

and pay the fine upon release from prison.  Ramirez-Garcia has prior work

experience in the construction industry and worked in a restaurant as recently as

January 2011.  He also owns a house in Mexico valued at $15,000.  He built this

house with his cousins, further demonstrating that he possesses skills he can use to

secure employment in Mexico and pay the fine.  Although the Presentence

Investigation Report ("PSI") indicated that Ramirez-Garcia likely would not be

able to pay a fine within the guideline range of $3,000 - $30,000, it noted that he

may be able to pay a lower fine.  Ramirez-Garcia failed to meet his burden of

showing his inability to pay.  *See Hernandez*, 160 F.3d at 665.[2]

## II.

Second, Ramirez-Garcia argues that the district court failed to make a record

that he was able to pay a fine and failed to consider the factors set forth in 18

U.S.C. § 3572 and U.S.S.G. § 5E1.2 governing the imposition of a fine.

In determining whether to impose a fine, the district court considers the 18

U.S.C. § 3553(a) sentencing factors and: "(1) the defendant's income, earning

---

[2]    We note, however, that the district court judge specifically stated that, "If it develops that [Ramirez-Garcia] cannot [pay the fine], the court can always consider and remit that."

3

capacity, and financial resources; (2) the burden that the fine will impose upon the defendant, any person who is financially dependent on the defendant, or any other person (including a government) that would be responsible for the welfare of any person financially dependent on the defendant, relative to the burden that alternative punishments would impose; (3) any pecuniary loss inflicted upon others as a result of the offense; (4) whether restitution is ordered or made and the amount of such restitution; (5) the need to deprive the defendant of illegally obtained gains from the offense; (6) the expected costs to the government of any imprisonment, supervised release, or probation; and (7) whether the defendant can pass on to consumers or other persons the expense of the fine."  18 U.S.C. § 3572(a).

Likewise, the district court must consider the factors set forth in U.S.S.G. § 5E1.2 to determine the amount of the fine.  *See Hernandez*, 160 F.3d at 665. These factors are: (1) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence; (2) the defendant's ability to pay the fine in light of his earning capacity and financial resources; (3) the burden that the fine places on the defendant and his dependents; (4) any restitution that the defendant has made or will be required to make; (5) the collateral consequences of the conviction; (6) whether the defendant has previously been fined for a similar offense; (7) the expected costs to the government of any term of probation, imprisonment, or

supervised release; and (8) any other pertinent equitable considerations.  U.S.S.G. § 5E1.2(d).

A district court is not required to make specific findings for each of the U.S.S.G. § 5E1.2 factors.  *United States v. Gonzalez*, 541 F.3d 1250, 1256 (11th Cir. 2008).  However, the record must reflect that the district court considered the sentencing factors before imposing the fine.  *Id.*  If the PSI presented information with respect to the sentencing factors, and the district court reviewed the PSI prior to imposing the fine, "we infer without hesitation that the district court considered the pertinent factors prior to imposing the fine."  *United States v. Khawaja*, 118 F.3d 1454, 1459 (11th Cir. 1997).[3]

Ramirez-Garcia argues that the court erred by not establishing a record that Ramirez-Garcia had the ability to pay a fine.  However, a review of the record reveals that the court adequately considered the U.S.S.G. § 5E1.2 factors and the 18 U.S.C. § 3572 factors.  At sentencing, the district court did not expressly state that it had considered the sentencing factors.  However, the court adopted the PSI, and the PSI presented information relevant to the U.S.S.G. § 5E1.2 and 18 U.S.C. § 3572 factors.  Because the PSI contained information relevant to the U.S.S.G. § 5E1.2 and 18 U.S.C. § 3572 factors, we "infer without hesitation" that the district

---

[3]    Moreover, Ramirez-Garcia cites no case holding that the district court is required to make specific findings concerning the similar 18 U.S.C. § 3572 factors.

5

court considered the factors prior to imposing the fine.  *See Khawaja*, 118 F.3d at 1459.  Accordingly, we affirm the fine imposed by the district court.

### III.

Upon consideration of the record and the parties' briefs, we affirm.

AFFIRMED.